ELIZABETH ARDEN, INC., ET AL. *v.* UNITED STATES

No. 6743.—Invoices dated London, England, September 1944, etc.
Certified September 1944, etc.
Entered at New York, N. Y., November 15, 1944, etc..
Entry Nos. 712067; 726342.

(Decided January 10, 1947)

*Mary Rehan* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

INTER-MARITIME FWDG. CO., INC., ET AL. *v.* UNITED STATES

No. 6744.—Invoices dated Hawick, Scotland, September 24, 1941, etc.
Certified September 25, 1941, etc.
Entered at New York, N. Y., November 24, 1941, etc.
Entry No. 726198, etc.

(Decided January 13, 1947)

*Tompkins & Tompkins* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.